EARNIE LORREN AND PATRICIA G. LORREN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lorren v. Commissioner
Docket No. 11329-86
United States Tax Court
T.C. Memo 1989-389; 1989 Tax Ct. Memo LEXIS 388; 57 T.C.M. (CCH) 1121; T.C.M. (RIA) 89389; July 31, 1989; As corrected Earnie Lorren and Patricia G. Lorren, pro se. Robert J. Misey, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $ 3,656 in petitioners' Federal income taxes for 1982. The sole issue for decision is whether petitioners were in a horse boarding business in 1982. FINDINGS OF FACT Petitioners were residents of Bakersfield, California, at the time they filed their petition. During 1982, Mr. Lorren was employed as an electrician, and Mrs. Lorren was employed as a dental hygienist. Petitioners had four children, who resided with them on five acres of land in Bakersfield, California. *389 The land was purchased in 1981. Mrs. Lorren worked with horses since her youth and majored in agriculture and animal husbandry in high school. In 1982, petitioners owned a horse that Mrs. Lorren had purchased approximately 10 years earlier. Petitioners read horse magazines and catalogs for horse-related products. When petitioners moved to Bakersfield, they learned that a neighbor had a successful horse business. Petitioners spoke to various persons concerning the feasibility of boarding horses on their property and decided that it would be to their advantage to do so. They worked hard on the property and made improvements in contemplation of boarding horses for others, while maintaining their full-time employment and raising their children. They acquired some old temporary paddocks from a farm in the area and, with the assistance of Bill Bethe (Bethe), relocated the paddocks to their land. In exchange for his assistance, Bethe was permitted to board his horse on petitioners' land in October, November, and December of 1982. Petitioners did not report any gross receipts from boarding horses in 1982. On Schedule F of petitioners' 1982 tax return, they deducted a total of *390 $ 13,322 for expenses listed as follows: Repairs and Maintenance
$ 1,063
Interest
3,224
Veterinary Fees, Medicine
545
Tools
23
Miscellaneous
641
Supplies
1,612
Training
509
Depreciation
5,705
In the notice of deficiency, respondent allowed the deduction of interest but disallowed the remaining expenses. Before accounting for depreciation, petitioners reported profit and losses from their horse boarding activity as follows: Year
Amount
1982
$ (7,617)
1983
(6,741)
1984
396 1985
(3,185)
1986
412 1987
1,290 OPINION Petitioners contend that they were in the trade or business of boarding horses during 1982 and are entitled to deduct expenses incurred in relation to that activity. Petitioners have the burden of proving their entitlement to those deductions. Rule 142(a), Tax Court Rules of Practice and Procedure; Rockwell v. Commissioner, 512 F.2d 882 (9th Cir. 1975), affg. a Memorandum Opinion of this Court. In order to establish that they were in a trade or business, petitioners must establish that they engaged in the activity with an actual and honest objective of making a profit. Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), *391 affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). If an activity is not engaged in for profit, deductions arising therefrom are allowed only to the extent of gross income earned from the activity. Section 183(b)(2), Internal Revenue Code as amended and in effect in 1982. A determination of whether the requisite profit objective exists is to be made on the basis of all of the surrounding facts and circumstances of the case. Section 1.183-2(b), Income Tax Regs. Greater weight is to be given to the objective facts than to the taxpayer's mere statement of intent. Section 1.183-2(a), Income Tax Regs.
Section 1.183-2(b), Income Tax Regs., lists some of the factors to be considered in determining whether an activity is engaged in for profit. The factors listed in the regulation are as follows: (1) Manner in which the taxpayer carried on the activity. (2) The expertise of the taxpayer or his advisors. (3) The time and effort expended by the taxpayer in carrying on the activity. (4) Expectation that assets used in activity may appreciate in value. (5) The success of the taxpayer in carrying on other similar or dissimilar activities. *392 (6) The taxpayer's history of income or losses with respect to the activity. (7) The amount of occasional profits, if any, which are earned. (8) The financial status of the taxpayer. (9) Elements of personal pleasure or recreation. No one factor is determinative. In this case, petitioners' testimony about the steps taken by them was uncorroborated but also was unimpeached. Certain factors favor their position. They had sufficient expertise to conduct a horse boarding business, they consulted advisors, and they expended significant time and effort. The obvious personal pleasure that they gained from the activity does not preclude characterization of that activity as a trade or business. Jackson v. Commissioner, 59 T.C. 312, 317 (1972). Petitioners were also candid about their problems. As of 1982, petitioners were not conducting the activity in a businesslike manner. They were merely in the preparatory stages of the activity. They had not developed any plan by which the substantial losses attributed by them to the activity could be offset by profits from the activity. See Golanty v. Commissioner, 72 T.C. 411, 427 (1979), affd. *393 without published opinion 647 F.2d 170 (9th Cir. 1981). The cash profits they claim to have made in subsequent years do not take account of depreciation and are small in relation to their reported income. We have no basis for concluding that petitioners could overcome those losses or that they believed that they could do so. Thus the evidence does not support a conclusion that the activity was conducted with an actual and honest profit objective as of that time. Based on all of the evidence in this case, we conclude that petitioners were not in the trade or business of boarding horses in 1982. Decision will be entered for the respondent.